

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00022-CR

Travis Leslie **NORTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR3975
Honorable Frank J. Castro, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: February 13, 2019

AFFIRMED

Travis Norton appeals his conviction for possession with intent to deliver a controlled

substance. We affirm the trial court's judgment.

### ANALYSIS

In his sole issue on appeal, Norton asserts the trial court erred in failing to suppress the

physical evidence obtained pursuant to a warrantless search of his person in violation of the Fourth

Amendment. U.S. CONST. amend. IV. The State responds that Norton failed to preserve error.

*See* TEX. R. APP. P. 33.1(a) (to preserve an issue for review, a party must make a timely objection and obtain an adverse ruling).

Before trial, Norton filed a written motion to suppress all evidence obtained as a result of the allegedly unlawful search of his person by law enforcement officers. Norton simultaneously filed a motion requesting a pretrial hearing on his motion to suppress. A few months later, Norton retained new counsel. During the next year, Norton's counsel filed a series of pretrial motions and the record refers to counsel obtaining rulings on some of the motions on the first day of trial. The record does not reflect, however, that the trial court held a suppression hearing or ruled on the issues raised in Norton's motion to suppress. The proposed order attached to Norton's written motion to suppress is unsigned. In addition, the record does not show that Norton made any further request for a suppression hearing, whether before or during trial, or otherwise brought the matters raised in his motion to suppress to the trial court's attention before or during trial. Norton's trial defense focused on his assertion of entrapment.

In his appellant's brief, Norton recites that his counsel "properly objected to the search" and cites to specific pages in two volumes of the reporter's record. However, neither citation reflects a trial objection by Norton to the admission of any of the physical evidence he sought to suppress in his motion.[1] Our review of the full reporter's record confirms that Norton raised no objection to the admission of the physical evidence seized from his person. Further, the record does not contain a written or verbal ruling by the trial court on the issues raised in Norton's motion to suppress. To preserve any error for appellate review, Norton was required to obtain a ruling from the trial court on his motion to suppress or on a trial objection to admission of the evidence.

---

[1] Norton's first record citation is to a page of the voir dire record which reflects the parties' challenges for cause. Norton's second citation is to page numbers which exceed the actual number of pages in Volume 3 of the reporter's record.

*See* TEX. R. APP. P. 33.1(a)(1), (2); *see also Palacios v. State*, 319 S.W.3d 68, 72 (Tex. App.—San Antonio 2010, pet. ref'd) (when trial court carries motion to suppress with the trial, defendant must object each time evidence subject to the motion is offered in order to preserve error). Here, the record shows that Norton failed to obtain a ruling from the trial court on the grounds raised in his motion to suppress and failed to object to admission of the physical evidence. Therefore, Norton failed to preserve his issue for appellate review. TEX. R. APP. P. 33.1(a); *Mendez v. State*, 138 S.W.3d 334, 340-41 (Tex. Crim. App. 2004) (forfeitable error). Accordingly, we affirm the trial court's judgment.

Liza A. Rodriguez, Justice

DO NOT PUBLISH